UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JENNIFER DUNAWAY BEASLEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of )<br>Social Security, )<br>)<br>    Defendant. ) | CV617-041 |

## REPORT AND RECOMMENDATION

Plaintiff Jennifer Dunaway Beasley seeks judicial review of the Social Security Administration's denial of her application for Supplemental Security Income (SSI) benefits.

## I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation

omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir.

---

[1] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2015) (footnote added).

## II.   ANALYSIS

Beasley, who was 39 years old when her SSI application was filed and 41 when it was denied, alleges disability beginning June 13, 2013. Tr. 67, 183.   She completed high school and completed one year of college, and has past work experience as a receptionist (secretary), a substitute teacher, and an insurance clerk.   Tr. 74, 213, 223, 231-38. After a hearing, the ALJ issued an unfavorable decision.   Tr. 12-25.   He found that Beasley's chronic pain syndrome, fibromyalgia, osteoarthritis, restless leg syndrome, idiopathic neuropathy, status post-lumbar hemilaminectomy with degenerative disc disease, congenital bilateral ankle condition status post-ankle fusions and triple arthrodesis, chronic obstructive pulmonary disease (COPD)/bronchitis, migraine headaches, and generalized anxiety disorder constituted severe impairments but did not meet or medically equal a Listing.   Tr. 14-16.   Based on the evidence of record, the ALJ found that she retained the RFC for a limited subset of sedentary work:

> . . . except that [she] is limited to occasional lower extremity bilateral pedal control pushing or pulling, occasional bending, balancing, stooping, kneeling, crouching, crawling, and climbing of ramps or stairs.   [She] is precluded from climbing ladders, ropes,

or scaffolds. [She] is precluded from exposure to extreme heat or cold, vibration or machinery that causes vibrations, and hazardous conditions such as unprotected heights, dangerous machinery, and uneven surfaces. [She] would be limited to occasional exposure to pulmonary irritants such as fumes, dusts, odors, and gases. In addition, [she] is limited to simple, routine tasks involving no more than simple, short instructions with simple work-related decisions with few work place changes. [She] would be limited to frequent interactions with the public, co-workers, and supervisors.

Tr. 16.

Plaintiff, he determined, was capable of performing her past work as a receptionist (sedentary, semi-skilled work with an SVP of 4), as well as alternative jobs as a call-out operator, order clerk, and telephone clerk, all sedentary unskilled work with an SVP[2] of 2. Tr. 23-24. Beasley disagrees, arguing that the ALJ failed to properly weigh the medical opinion evidence and erred in evaluating her subjective pain testimony. Doc. 10.

## A.  Medical Opinion Evidence

Based on the creditable evidence of record, the ALJ concluded that Beasley retained the RFC to perform sedentary work with multiple postural, mental, and environmental limitations. Tr. 16. Plaintiff

---

[2]  Specific Vocational Preparation (SVP) is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. DOT, App. C.

contends that the ALJ improperly rejected treating physician Dr. Glen Dasher's August 19, 2015 opinion that she was disabled. Doc. 10 at 10-11; *see* tr. 1257-58 (opining that plaintiff "is not a hypochondriac" and that there "is no cure for her chronic pain issues so we can only treat the symptoms."). She agrees that the ALJ properly credited Dr. Dasher's July 22, 2013 opinion that she had difficulty adapting to stress and working well with others, given her reported pain. Doc. 10 at 9; *see* tr. 18 & 409-11.

The ALJ rejected Dr. Dasher's 2015 opinion as inconsistent with the creditable medical evidence and his own 2013 opinion. Tr. 22. Plaintiff contends the differences are only a matter of degree, as her condition worsened from 2013 to 2015. Doc. 10 at 11. Contrary to plaintiff's contention that the ALJ cherry-picked two instances of normal findings (doc. 10 at 11), the ALJ both emphasized plaintiff's repeated normal examination findings (tr. 22; *see also* tr. 428, 742, 1122, 1129, 1132, 1135, 1148, 1163-64, 1180 & 1185 (normal gait, strength, motor, and sensory findings on examination)), and then singled out Dr. Dasher's August 17, 2015 treatment notes (completed two days prior to his letter attesting to her total disability), which recorded plaintiff's negative

straight leg test, normal sensory examination, and normal gait. Tr. 22; tr. 1260-61. Dr. Dasher, meanwhile, had opined that plaintiff's ankle surgeries and pain had caused lasting, painful alterations to her gait and stance while walking. Tr. 1257-58. His opinion, therefore, is simply inconsistent with his own observations.

Dr. Dasher also opined that plaintiff had disabling back pain from her impairments and surgeries (tr. 1257-58), but a lumbar spine CT completed a few days later on August 25, 2015, revealed only a moderate posterior disc bulge at L5-S1 without high grade central or foraminal stenosis. Tr. 22; *see also* tr. 1262. And, most importantly, his opinion that plaintiff's "mental state is not stable enough to maintain employment because of the impairments that her medications cause" is contradicted by his 2013 assessment that her anxiety was controlled with medication and her only problem was working well with others, given her work history and general grumpiness due to pain. Tr. 22; *compare* tr. 409-10 *with* 1257-58.

Indeed, plaintiff has pointed to nothing in the treating notes that supports Dr. Dasher's 2015 opinion, either by demonstrating her anxiety had become uncontrolled or that her ability to get along with others was

6

further impaired, such as would explain Dr. Dasher's catastrophic opinion two years later. *See* doc. 10 at 11. She doesn't even provide a single citation to an *ab*normal examination. *See id.* She merely concludes that "her many life changes and medical diagnoses" explains Dr. Dasher's change of heart, without providing any further explanation, context, or citations to the record. Doc. 10 at 11. As this Court has explained, a plaintiff "waive[s] all challenges to the ALJ's decision except the one[s] briefed." *Jones ex rel. Martensen v. Colvin*, 2015 WL 4770059 at *3 n. 3 (S.D. Ga. Aug. 12, 2015) (citing *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App's 855, 856 n. 1 (11th Cir. 2013)). And this Court will not, on its own, hunt down any such reasons. *See, e.g. United States v. Dunkel*, 927 F.3d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Plaintiff has not demonstrated any error in the ALJ's credibility assessment.

### B. Plaintiff's Credibility

The ALJ discredited plaintiff's subjective testimony as to the debilitating extent of her symptoms based on consultative examiner Dr. Lee McGill's evaluation that, despite her history of fibromyalgia and pain response to pressure on her lower extremities, she retained full

strength and full range of motion without functional limitation or sensory deficits. Tr. 19-20; *see* tr. 427-28. He also pointed to a 2014 EMG study that revealed no evidence of neuropathy or radiculopathy, largely normal physical examinations, and plaintiff's self-report that Lyrica was helping her symptoms. Tr. 19-21; *see* tr. 427-28, 742, 1122, 1129, 1132, 1135, 1148, 1163-64, 1180, 1185, 1260.

When a claimant attempts to establish disability based on her pain or other subjective symptoms, a three-part "pain standard" applies. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir.2002). It requires: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Id.* at 1225; *see also* 20 C.F.R. § 404.1529(a)-(b). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the pain or other symptoms, then the ALJ evaluates the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(b), 416.929(b). The ALJ may consider the history and testimony, medical signs and laboratory findings,

medical opinion evidence, and any other evidence of record describing how the pain affects his daily activities and ability to work. *Id.* §§ 404.1529(c), 416.929(c).

The ALJ uses these same standards to evaluate a claimant's fibromyalgia, which is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR[3] 12-2p. Fibromyalgia symptoms "can wax and wane so that a person may have 'bad days and good days.'" *Id.* at 43644. For this reason, "longitudinal records reflecting ongoing medical evaluation and treatment from acceptable medical sources are especially helpful in establishing both the existence and severity of [fibromyalgia]." *Id.* at 43642, 43644.

"If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects" of the symptoms, the ALJ will "consider all of the evidence in the case record, including the person's daily activities, medications or other

---

[3]   Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

treatments the person uses, or has used, to alleviate the symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms." *Id*. at 43643. A claimant's testimony supported by medical evidence that satisfies the pain standard is sufficient to support a finding of disability. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). If the ALJ decides to discredit the claimant's testimony about her symptoms, he must adequately explain his reasons for doing so. *Id.* at 1561-62.

Plaintiff argues that the ALJ erred in discrediting her subjective pain testimony based on the inconsistent objective medical evidence, emphasizing that by nature fibromyalgia can be difficult to objectively pin down. Doc. 10 at 8. But plaintiff does not show that the ALJ's reliance on Dr. McGill's assessment that her fibromyalgia impairment imposes no functional limitations is *wrong* -- rather, she concludes, her diagnosis history and Dr. Dasher's (properly discredited) opinion that she was disabled should have cemented the ALJ's credibility finding in her favor. But her diagnosis and treatment history were already implicitly credited by the ALJ in finding her fibromyalgia was a severe

10

impairment at Step 2.  *Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 989 (11th Cir. 2015).   A diagnosis alone does not prove inability to work, *Moore*, 405 F.3d at 1213 n. 6; 20 C.F.R. §§ 404.1505(a); 404.1520(a)(4)(iv) (severe health problems must preclude substantial gainful activity, not simply exist), and the mere fact that an impairment is considered "severe" at Step 2 does not oblige a finding of disabling pain at Step 4. *Laurey*, 632 F. App'x at 989 n. 5 (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)).  Rather, to the extent that there was objective medical evidence undermining her allegations of disabling pain (*i.e.*, normal examination findings and observations and evidence that medication compliance helped mitigate her symptoms), the ALJ properly considered that evidence and discounted her testimony accordingly.

Despite her argument that the ALJ violated some "heightened duty" to credit her fibromyalgia testimony, plaintiff does not point to any other, more favorable parts of the creditable medical record imposing any functional limitations -- much less functional limitations greater than those found by the ALJ[4] -- imposed by her fibromyalgia.  *See* doc. 10 at 8.

---

[4]   The ALJ, it must be remembered, restricted Beasley to a highly limited subset of sedentary work, with environmental, postural, and exertional limitations designed to account for the functional limitations imposed by her fibromyalgia and other impairments.  He was neither required to set out a detailed recitation of which

11

In essence, she is simply asking the Court to reweigh the ALJ's credibility finding. But it is the function of the Commissioner, and not the court, to pass on the credibility of witnesses. *Taylor v. Comm'r of Soc. Sec. Admin.*, 213 F. App'x 778, 779 (11th Cir. 2006); *Cartwright v. Heckler*, 735 F.2d 1289, 1290 (11th Cir. 1984); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir. 1983). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

Substantial evidence supporting the ALJ's articulated reasons is all that is required to uphold the ALJ's decision, and, as fully detailed above, the record contains evidence supporting the ALJ's reasoning -- other possible outcomes notwithstanding. *See id.*; *Foote*, 67 F.3d at 1561-62; *Jones v. Dep't of Health & Hum. Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). The ALJ did not err in discounting Beasley's statements regarding the intensity, persistence, and duration of the limitations

---

limitations were targeted to accommodate her fibromyalgia in particular, nor to invent limitations not supported by the record in front of him. *See* 20 C.F.R. §§ 404.1520(c), 404.1523 (the ALJ is required to evaluate the "combined impact" of a claimant's impairments on her ability to work). Plaintiff has pointed to nothing in the record supporting more restrictive functional limitations imposed by her fibromyalgia, aside from her own conclusion that the ALJ failed to think them up. *See* doc. 10 at 8.

imposed by her symptoms, *see both* SSR 96-7p *and* SSR 16-3p, and his credibility finding should be affirmed.

## III. CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this __6th__ day of March, 2018.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA